ZEV SHECHTMAN (State Bar No. 266280)
*zs@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Proposed General Bankruptcy Counsel for Heycart
Inc, Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:24-bk-10483-TA |
| HEYCART, INC, | Chapter 11 |
| Debtor and Debtor in Possession. | **EMERGENCY MOTION AND NOTICE OF MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES AND COMPENSATION, (2) AUTHORIZING DEBTOR TO HONOR AND CONTINUE PREPETITION EMPLOYEE BENEFIT PROGRAMS, AND (3) WAIVING 14-DAY STAY; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF AIDEN CHIEN IN SUPPORT THEREOF** |
| | Date: March 6, 2024 |
| | Time: 10:00 a.m. |
| | Crtrm.: 5B |

**TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:**

Heycart, Inc, as debtor and debtor in possession (the "Debtor"), hereby moves for an order authorizing the Debtor to pay the non-insider salaries and wages and honor the benefits of the Debtor's employees in the ordinary course of the Debtor's business. The hearing on the Motion will be held on March 6, 2024, at 10:00 a.m. in Courtroom 5B of the United States Bankruptcy Court, Central District of California, Santa Ana Division, located at the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Courtroom 5B, Santa Ana, CA 92701.

This Motion is based upon the below memorandum of points and authorities and declaration of Aiden Chien, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

Oppositions may be made orally at the hearing.

DATED:  March 5, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:    _____*/s/ Zev Shechtman*_____

ZEV SHECHTMAN
Proposed General Bankruptcy Counsel for Heycart Inc, Debtor and Debtor-in-Possession

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.**

3    <u>**BACKGROUND FACTS**</u>

4    **A.    <u>BANKRUPTCY BACKGROUND</u>**

5    On February 28, 2024 (the "Petition Date"), the Debtor filed its voluntary chapter 11

6    petition for relief.

7

8    **B.    <u>THE DEBTOR'S PLAN FOR THIS CASE</u>**

9    The Debtor intends to use the chapter 11 process to reorganize and continue as a successful

10    going concern..

11

12    **II.**

13    <u>**FACTS SPECIFIC TO THE RELIEF REQUESTED**</u>

14    **A.    <u>WAGES EARNED BY INDIVIDUAL EMPLOYEES</u>**

15    The Debtor has 7 full time salaried employees other than insiders, although one started

16    working after the Petition Date.  The Debtor must pay six of the employees for their work for the

17    period of February 15, 2024-February 29, 2024, which is mostly for prepetition work.  The

18    amounts and employees at issue are as follows:

19        Weicong Chen   $2,101.91

20        Rutian Jin        $2,534.13

21        Yingting Sung   $2,188.34

22        Boyue Wang      $2,296.49

23        Shenyi Zhang    $2,999.57

24        Xiaoyu Zhang    $3,318.63

25    The Debtor has two compensated insiders: Tony Bao Li, the Debtor's CEO, and Aiden

26    Chien, the Debtor's COO.  Notice of their insider compensation was filed contemporaneously with

27    the petition.

28

**B.      OTHER BENEFITS PROVIDED BY THE DEBTOR TO EMPLOYEES**

The other benefits offered to all full time employees include vacation pay, sick leave pay 80% premium coverage for medical insurance, dental and vision insurance.  Employees have the option to select either an HMO or a PPO for their medical insurance, while the dental and vision plans are PPO plans.  The Debtor also offers 401k plans and matches up to 3%.

**III.**

**LEGAL DISCUSSION**

**A.      REQUESTED RELIEF**

As to non-insider employees, the Debtor seeks authority to pay the salaries and wages and honor the paid time off obligations in the ordinary course of the Debtor's business.  The Debtor's request applies only to employees who are currently employed by the Debtor.  If an employee voluntarily quits or is terminated, the Debtor is not seeking authority to pay such employee.

The Debtor also seeks authority to continue providing other employee benefits in the ordinary course of its business that were earned prepetition.

As to each employee of the Debtor, the total amount owed for prepetition wages or salaries, vacation pay, sick leave pay, contributions for medical insurance, contributions for life insurance, contributions to an employee 401(k) plan, contributions for long term disability insurance, and contributions for a dental PPO plan does not exceed the amount of $15,150.

**B.      BASIS FOR RELIEF REQUESTED**

**Wages, Salaries, Commissions, and Benefits within the Section 507(a)(4) Limit**

As a result of having commenced its chapter 11 case, the Debtor is currently prohibited from using its assets to pay prepetition claims, such as those proposed for payment by this Motion. The inability to do so would undermine the Debtor's efforts to reorganize because the Debtor's workforce is absolutely essential to its profitability, which is necessary to effectuate its business plan and its plan of reorganization.

Section 507(a)(4) grants priority to employee claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual" within 180 days before

1    the filing of the petition.  Claims under Section 507(a)(4) may be allowed to the extent of $15,150

2    for each individual.  A priority for contributions on behalf of an employee to an employee benefit

3    plan is granted by section 507(a)(5) to the extent that the section 507(a)(4) is not exhausted.

4        Section 363(c) permits a debtor in possession to use property of the bankruptcy estate in the

5    ordinary course of business without notice or a hearing.

6        Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order,

7    process, or judgment that is necessary or appropriate to carry out the provisions of this title."

8    Section 105(a) provides a statutory counterpart to the court's otherwise inherent and discretionary

9    equitable powers. See In re Sasson, 424 F.3d 864, 874 (9th Cir. 2005); In re Halvorson, 581 B.R.

10    610, 636 n.91 (Bankr. C.D. Cal. 2018).

11        While not codified in the Bankruptcy Code, a court may authorize a debtor to pay pre-

12    petition debt when it is necessary to the debtor's ability to reorganize.

13        The ability of a Bankruptcy Court to authorize the payment of pre-
     petition debt when such payment is needed to facilitate the
14        rehabilitation of the debtor is not a novel concept. It was first
     articulated by the United States Supreme Court in Miltenberger  v.
15        Logansport, C. & S.W. R.Co., 106 U.S. 286, 1 S.Ct. 140, 27 L.Ed.
     117 (1882) and is commonly referred to as either the "doctrine of
16        necessity" or the "necessity of payment" rule. This rule recognizes
     the existence of the judicial power to authorize a debtor in a
17        reorganization case to pay pre-petition claims where such payment is
     essential to the continued operation of the debtor.

18

19    In re Ionosphere Clubs, Inc., 98 B.R. 174, 175-76 (Bankr. S.D.N.Y. 1989).  "The necessity of

20    payment doctrine recognizes that paying certain pre-petition claims may be necessary to realize the

21    goal of chapter 11—a successful reorganization."  In re Just for Feet, Inc., 242 B.R. 821, 825-26

22    (D. Del. 1999) (citing In re Lehigh & New England Railway Co., 657 F.2d 570, 581 (3d Cir.

23    1981)); see also In re Jevic, 137 S.Ct. 973 (2017) (noting that by approving certain important and

24    limited prepetition payments, "courts have usually found that the distributions at issue would

25    'enable a successful reorganization and make even the disfavored creditors better off.'") (quoting

26    In re Kmart Corp., 359 F.3d 866, 872 (7th Cir. 2004)).

27        The Debtor believes payment of the prepetition earnings and paid time off to be appropriate

28    under the circumstances.  Also, by this Motion the Debtor proposes to pay only prepetition

compensation to its employees that is within the limits forth in section 507(a)(4).  None of the employees will be paid an aggregate that exceeds the $15,150 limit.  Accordingly, the relief sought affects the timing of the payment for which the Bankruptcy Code provides a priority, not the amount.  As discussed in the below declaration, the Debtor anticipates that it will reorganize under chapter 11.  The Debtor will need to work with its secured creditors, particularly as to cash collateral usage.  However, the Debtor does not believe that paying the sums contemplated here will render the Debtor administratively insolvent.  Overall, the Debtor does not believe that granting the relief requested herein will detrimentally affect the Debtor's chances of completing a successful reorganization.  In fact, maintaining the work force is necessary to effectuate a reorganization.

The employees' skills, and their knowledge and understanding of the Debtor's operations, are essential to an effective reorganization of the business.  To avoid an interruption in the Debtor's business, it is important that the Debtor pays employees' outstanding wages and salaries, pay paid time off in the ordinary course of business, and honor all of the benefits offered.  If the Debtor does not do so, there is a risk of unmanageable turnover of the Debtor's work force, and the employees' morale will very likely decline drastically due to, among other things, the economic burdens faced by employees.  The Debtor requires the ability to reassure its employees that as long as they remain with the Debtor they will continue to be paid and to receive benefits in exchange for their labor, without disruption.  Accordingly, authority to pay the prepetition earnings and paid time off, and maintain other benefits provided by the Debtor to employees, is necessary to the Debtor's ability to reorganize.

## C.    **AVAILABILITY OF REQUESTED RELIEF**

The Local Bankruptcy Rules expressly authorize chapter 11 debtors to file motions to pay prepetition payroll and honor prepetition employment procedures on an expedited basis.  LBR 2081-1(a)(6).  For the reasons discussed here, the Debtor submits that relief on an expedited basis is necessary and appropriate to maintain the Debtor's operations.

**D.    WAIVER OF STAY**

Federal Rule of Bankruptcy Procedure 6004(h) provides that an order authorizing the use, sale or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.  If and to the extent that this stay would apply to the Court's order granting this motion, the Court should waive the stay so the Debtor may pay prepetition payroll and honor prepetition employment procedures without delay.

**IV.**

**NOTICE GIVEN**

This Motion will be served by email on the Office of the United States Trustee, secured creditors, and creditors appearing on the Debtor's list of 20 largest unsecured creditors, and the Debtor will give telephonic notice to the Office of the United States Trustee and secured creditors.

**V.**

**CONCLUSION AND REQUEST RELIEF**

For the foregoing reasons, the Debtor requests that the Court enter an order substantially in the form of the order attached as Exhibit "A" hereto, granting this motion, authorizing the Debtor to pay prepetition wages and accrued benefits in the ordinary course of business, including accrued benefits owed to insiders, to honor and continue other prepetition employee benefits, and waiving the 14-day stay.  The Debtor also requests such further relief as the Court deems just and proper.

DATED:  March 5, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:    ___/s/ Zev Shechtman_____
ZEV SHECHTMAN
Proposed General Bankruptcy Counsel for
Heycart, Inc, Debtor and Debtor in Possession

## DECLARATION OF AIDEN CHIEN

I, AIDEN CHIEN, declare as follows:

1.        I am the Chief Operating Officer of the Debtor in the above bankruptcy case.  I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true.  If called as a witness, I could and would competently testify to the matters stated herein.  I make this declaration in support of the above motion.

2.        The Debtor has 7 full time salaried employees other than insiders, although one started working after the Petition Date.  The Debtor must pay six of the employees for their work for the period of February 15, 2024-February 29, 2024, which is mostly for prepetition work.  The amounts and non-insider employees at issue are as follows:

Weicong chen  $2,101.91

Rutian Jin        $2,534.13

Yingting Sung  $2,188.34

Boyue Wang     $2,296.49

Shenyi Zhang   $2,999.57

Xiaoyu Zhang    $3,318.63

3.        The goal of this chapter 11 filing is to reorganize and continue as a successful going concern.

4.        Paying employees is necessary to avoid disruption to the business.

5.        I do not believe that these payments will render the business administratively insolvent.  Current cash on hand substantially exceeds the amount to be paid under this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 5th day of March, 2024, at Irvine, California.

_____
AIDEN CHIEN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  EMERGENCY MOTION AND NOTICE OF MOTION FOR ENTRY OF ORDER: (1) AUTHORIZING DEBTOR TO PAY PREPETITION WAGES AND COMPENSATION, (2) AUTHORIZING DEBTOR TO HONOR AND CONTINUE PREPETITION EMPLOYEE BENEFIT PROGRAMS, AND (3) WAIVING 14-DAY STAY; AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF AIDEN CHIEN IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 5, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  March 5, 2024 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 5, 2024 | Patricia Morris | */s/ Patricia Morris* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1750991.1  27220

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **John E Johnson**    jjohnson@padfieldstout.com
- **Shantal Malmed**    smalmed@danninggill.com
- **Queenie K Ng**    queenie.k.ng@usdoj.gov
- **Brandy A Sargent**    brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- **Zev Shechtman**    zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL**

**20 Largest List of Creditors**

| | |
|---|---|
| Xiamen Youlike Houseware Co.,Ltd Room 511, No. 1, No. 39, Xinchang Road, Haicang District, Xiamen Fujian China 361026 | Kelly<br><br>kelly@xmyoulike. corn |
| 8Fig<br>1717 W 6th St Suite 335<br>Austin, TX 78703 | Roei<br><br>roei@8fig.com<br>5122033261 |
| BlueX Trade<br>104, Taiwan, Taipei City<br>Zhongshan District, Section 2, Nanjing E Rd, no.132 11F | Jerry Cheng<br><br>jerry.cheng@bluextrade.com<br>2132797575 |
| Panda Logistics USA Inc<br>1 Civic Plaza Dr ST E555<br>Carson, CA 90.745 | Veronica Luna<br><br>veronical@pandalogusa.com<br>310-635-1990 |
| Xiamen Ruihe Xingyi Trading Co.Lt 1301-2, Building 1, Meifeng Chuanggu Xike Town, Tongan District Xiamen, China | May Li<br><br>may@hbdware.com |
| ' Clearco dba Clearbanc33 Yonge St, Suite 1200Toronto, ON M5E 1G4 | Gabriella<br>funding@clearbanc.com |
| Amazon<br>410 Terry Ave N<br>Seattle, WA 98109 | AMS_Receivables<br>@amazon.com |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**
1750991.1  27220

| | |
|---|---|
| Yangjiang Homelife Industry & Trading 3/F, No. 16, Building H, Green Lake Garden, XinJiang North Road Yangjiang, 529500 | Betty Ho<br><br>betty.ho@yjhomelife.com |
| Tongcheng Logistics Inc. 566 Vanguard Way Unit A, Brea,CA 92821 | Ricky Ren<br><br>rren@tclogusa.com<br>6577991999 |
| Visa Inc.<br>900 Metro Center Blvd.<br>San Mateo, CA 94404 | 1 (800) 847-2911 |
| Shenzhen Minshunlong Co.,Lt d<br>#1601 Wanhui Building<br>No 3, Longhe Road, Longgang District, Shenzen | Amy Liu<br><br>sales@szmsl68.com |
| Ningbo Kingdom Home Fashion Co. Ltd<br>No. 169 North Linyu Road Zhenhai, NingBo P.C: 315207 China | Sunny<br><br>sales@storageorganize.com |
| Fuzhou Yibang Plastic Co.ltd<br>3F No 58 Zhaishan Road, Houshan Village Minhou Fuzhou FJ 350109 China | Heson He<br><br>sales8@fzyumei.com |
| Yangjiang Kimberi Trading Co., Ltd. No. 12 Nawei Industrial Zone II Dongcheng Town Yangdong District, Yangjiang | Julie Ye<br><br>ke14@kimberi.com |
| Victory Maritime Services USA 333 City Blvd W Ste 1210 Orange, CA 92868 | Otis Liang<br><br>otis@vgil.us<br>657-282-0067 |
| Zenpack<br>1050 N. 5th St, Ste #30<br>San Jose, CA 95112 | Steven Shih<br><br>sshih@zenpack.us<br>5108236037 |
| Fujian Bridge Style Furnishings Co. 4th Floor, Plant 8, No 3 Tieling East Road, Jingxi Town, Minhou County, Fuzhou | Lily Lee<br><br>sale10@bridge-style.cc |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
1750991.1  27220

**F 9013-3.1.PROOF.SERVICE**

| | |
|---|---|
| V Plus Packing No 1 Building, Xinchang Road Haicang District, Xiamen Fujian, China | V Plus Packing sales6@vpluspacking.com |
| Leventa 1752 Northwest Market Street Unit 4364 Seattle, WA 98107 | Jinal jinal@levanta.io 425-737-0150 |
| Neo Regal(Xiamen) Industrial Co., Lt #503 Ganghang Building, #29 Donggang North Road, Xiamen 361000, China | Hannah sales4@neoregal.cn |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.