| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Zev Shechtman (State Bar No. 266280)<br>*zs@DanningGill.com*<br>Danning, Gill, Israel & Krasnoff, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Tel.: (310) 277-0077<br>Fax: (310) 277-5735<br><br>☐  *Individual appearing without attorney*<br>☒  *Proposed General Bankruptcy Counsel for Heycart Inc, Debtor and Debtor-in-Possession* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>HEYCART, INC.,<br><br>Debtor(s) | CASE NO.: 8:24-bk-10483-TA<br>CHAPTER: 11<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (title of motion[1]): <u>EMERGENCY MOTION FOR ENTRY OF ORDER (1) AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING, (2) SCHEDULING A FINAL HEARING ON THE DEBTOR'S REQUEST FOR AUTHORITY TO USE CASH COLLATERAL THROUGH FEBRUARY 8, 2025 AND (3) PROHIBITING THE FREEZE OF ANY DEBTOR ACCOUNTS; AND (4) GRANTING RELATED RELIEF</u> |

PLEASE TAKE NOTE that the order titled <u>ORDER GRANTING EMERGENCY MOTION FOR ENTRY OF ORDER (1) AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING, (2) SCHEDULING A FINAL HEARING ON THE DEBTOR'S REQUEST FOR AUTHORITY TO USE CASH COLLATERAL THROUGH FEBRUARY 8, 2025 AND (3) PROHIBITING THE FREEZE OF ANY DEBTOR ACCOUNTS; AND (4) GRANTING RELATED RELIEF </u> was lodged on *(date)* <u>March 13, 2024</u> and is attached.  This order relates to the motion which is docket number <u>22</u>.

---
[1] Please abbreviate if title cannot fit into text field

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    *Page 1*    **F 9021-1.2.BK.NOTICE.LODGMENT**
1763750.1  27215

# EXHIBIT "A"

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
4  Facsimile: (310) 277-5735

5  Proposed General Bankruptcy Counsel for Heycart
   Inc, Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>HEYCART, INC,<br><br>   Debtor and Debtor in Possession. | Case No. 8:24-bk-10483-TA<br><br>Chapter 11<br><br>**ORDER GRANTING EMERGENCY MOTION FOR ENTRY OF ORDER (1) AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS PENDING A FINAL HEARING, (2) SCHEDULING A FINAL HEARING ON THE DEBTOR'S REQUEST FOR AUTHORITY TO USE CASH COLLATERAL THROUGH FEBRUARY 8, 2025 AND (3) PROHIBITING THE FREEZE OF ANY DEBTOR ACCOUNTS; AND (4) GRANTING RELATED RELIEF**<br><br>**Via ZoomGov Video**<br>Date:    March 13, 2024<br>Time:    10:00 a.m.<br>Crtrm.:  5B |

A hearing took place at the above time and place to consider the Emergency Motion for Entry of Order (1) Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing, (2) Scheduling a Final Hearing on the Debtor's Request for Authority to Use Cash Collateral through February 8, 2025 and (3) Prohibiting the Freeze of any Debtor Accounts; and (4) granting related relief (the "Cash Collateral Motion") [Docket No. 22] filed by Heycart Inc, the Debtor and Debtor-in-Possession herein (the "Debtor"). Appearances were as noted on the record. The Court having considered the Cash Collateral Motion, the statements of counsel at the hearing,

the consent of the Secured Creditors to the Debtor's interim use of cash collateral subject to the terms hereof, and the other evidence in the record, and good causing appearing, the Court hereby

**ORDERS** that:

1. The Debtor's Cash Collateral Motion is granted on an interim basis through April 19, 2024, on the terms set forth herein.

2. The Debtor is authorized to use cash collateral, as that term is defined by 11 U.S.C. § 363(a) ("Cash Collateral"), in accordance with the Budget attached as Exhibit "1" to Debtor's Cash Collateral Motion.

3. To satisfy the rights of (i) Amazon Capital Services, Inc. ("ACS"), (ii) SellersFunding International Portfolio Ltd. ("SellersFunding"), (iii) the Small Business Administration ("SBA"), and (iv) 8fig Inc. ("8fig") (collectively the "Secured Creditors") to adequate protection of their interests in the Debtor's Cash Collateral, the Secured Creditors are hereby granted, pursuant Section 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interests and liens in and against all post-petition assets of the Debtor of the same character and type, to the same nature, extent, validity, and priority that existed prepetition, and to the extent of diminution in value of the Secured Creditors' collateral caused by the Debtor's use of Cash Collateral.

4. On an interim basis, the Debtor shall, as further adequate protection of the Secured Creditors' interests in Cash Collateral, pay monthly adequate protection payments as follows:

| Secured Creditor | Monthly Adequate Protection Amount |
|---|---|
| ACS | $25,000 |
| **SellersFunding** | $12,500 |
| SBA | $335 |
| 8fig | $45,000 |

5. The Debtor conducts sales to third-party customers through the Amazon.com online store (the "Amazon Store"). The Amazon Store is essential to the Debtor's continued business

1763651.1  27220              2

1 operations, as 100% of the Debtor's sales occur on the Amazon Store. Amazon.com Services, LLC

2 ("Amazon") and the Debtor are parties to the Business Solutions Agreement (the "BSA"), which

3 governs the Debtor's ability to sell products to customers on the Amazon Store. According to the

4 terms of the BSA, the Debtor's sale proceeds are held in an Amazon seller account (the "Seller

5 Account"). In the ordinary course of the Debtor's business before the petition date, and under the

6 terms of the BSA, Amazon was authorized to net fees, expenses, and reimbursements from the

7 Debtor's sales proceeds in the Seller Account and remit, to the Debtor's bank account, the Debtor's

8 net proceeds. Amazon and the Debtor are authorized to continue to transact with respect to such

9 fees, expenses and reimbursements in the ordinary course, and Amazon is further authorized to net

10 fees, expenses, and other charges from the Debtor's Amazon Store sales proceeds in the Amazon

11 Seller Account and remit, to the Debtor, the Debtor's net proceeds less the $25,000 adequate

12 protection payments owed to ACS hereunder.  Amazon is further authorized to net advertising fees

13 incurred by the Debtor from the funds in the Amazon Seller Account.  Any dispute regarding such

14 amounts during the pendency of the bankruptcy case shall be subject to the jurisdiction of this

15 Bankruptcy Court.

16    6.    In addition, the Secured Creditors shall hold allowed administrative claims under

17 Section 507(b) of the Bankruptcy Code with respect to the adequate protection obligations of the

18 Debtor to the extent that the replacement liens and post-petition collateral do not adequately protect

19 the diminution in value of the interests of Secured Creditors in their prepetition collateral. The

20 administrative claims shall be payable from and have recourse to all prepetition and post-petition

21 property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in

22 addition to any prepetition liens held by Secured Creditors, and shall remain in full force and effect

23 notwithstanding any subsequent conversion or dismissal of this case.

24    7.    To the extent that any prepetition obligations to Amazon are paid post-petition in the

25 ordinary course of retail transactions commenced prepetition and concluded post-petition, such

26 payments are authorized under the doctrine of necessity as consistent with the ordinary course of

27 the Debtor's business and to avoid disruption to the business and the Debtor's customers.

28

The current freeze by ACS of the Amazon Seller Account shall be lifted upon entry of this Interim Order.

8. This Interim Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect, and the adequate protection liens granted by this Interim Order on post-petition collateral shall be valid, perfected, and enforceable security interests and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent that the Secured Creditors, respectively, have valid and perfected security interests prior to the Debtor's petition date. Such adequate protections liens shall be enforceable against the Debtor and all other persons and parties, including without limitation any subsequent Trustee (if appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code), by operation of law and immediately upon entry of this Interim Order. The adequate protection liens granted by this Interim Order on post-petition collateral shall not extend to the proceeds of any avoidance actions by the Debtor or the estate pursuant to section 544, 547, 548, 549, or 550 of the Bankruptcy Code or any other claims under chapter 5 of the Bankruptcy Code.

9. The Debtor will provide the Secured Creditors with an accounting, on a weekly basis, of all revenue, expenditures, bank account information, and collections with description of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to Secured Creditors. No line item in the budget shall be more than 10% of the budgeted amount and the Debtor shall not vary the expenditures in the budget by more than 10%. Amazon advertising expenses shall constitute a separate line item in the Debtor's cash collateral budget.

10. Nothing contained herein shall be deemed a waiver by Secured Creditors from seeking further or additional adequate protection of their collateral, asserting objections to the Debtor's further use of Cash Collateral, filing any Motions or Objections to the use of cash collateral in the event that the terms of this Order are violated by the Debtor, or pursuing any other rights or remedies available to them under law or equity.

11.     Nothing contained herein shall prevent the Debtor, a creditor or other party in interest from contesting the validity, perfection and enforceability, or priority of a secured party's liens, or from raising any defenses, offsets, deductions or counterclaims thereto.

12.     If any or all of the provisions of this Interim Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise non-avoidable as of the Petition Date. The validity and enforceability of all liens and priorities authorized or created in this Interim Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding.

13.     A continued hearing on the Cash Collateral Motion will take place on April __, 2024 at _____.m. The deadline for Debtor to file a Notice of Continued Hearing on Cash Collateral Motion and serve the notice on all creditors and parties in interest is _____, 2024. Any written opposition to the final relief requested in the Cash Collateral Motion is due 14 days before the hearing and replies are due 7 days before the hearing.

####

1763651.1  27220

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 13, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Alan Craig Hochheiser**   ahochheiser@mauricewutscher.com, arodriguez@mauricewutscher.com
- **John E Johnson**   jjohnson@padfieldstout.com
- **Shantal Malmed**   smalmed@danninggill.com
- **Queenie K Ng**   queenie.k.ng@usdoj.gov
- **Brandy A Sargent**   brandy.sargent@klgates.com, litigation.docketing@klgates.com;janna.leasy@klgates.com
- **Zev Shechtman**   zs@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 13, 2024 | Patricia Morris | */s/ Patricia Morris* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 3*                    **F 9021-1.2.BK.NOTICE.LODGMENT**
1763750.1  27215