## DECLARATION OF ZEV SHECHTMAN

I, Zev Shechtman, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts in the State of California and before this Court. I am a partner with Saul Ewing LLP, counsel of record for Heycart Inc, debtor and debtor in possession (the "Debtor") in this bankruptcy case. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify to such facts under oath.

2. Attached as Exhibit "A" is a true and correct copy of the proposed order to authorize the Debtor's use of cash collateral on a final basis. All of the lenders who assert secured claims have approved of this proposed order. Specifically, each of the following parties have stated their consent to entry of this order: Amazon Capital Services, Inc., SellersFunding International Portfolio Ltd., the Small Business Administration, and 8fig Inc., and CFT Clear Finance Technology Corporation d/b/a Clearco.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 19th day of April, 2024, at Los Angeles, California.

/s/ Zev Shechtman
Zev Shechtman

3

ZEV SHECHTMAN (State Bar No. 266280)
zev.shechtman@saul.com
CAROL CHOW (State Bar No. 169299)
carol.chow@saul.com
SAUL EWING LLP
1888 Century Park East, Suite 1500
Los Angeles, California 90067-6006
Telephone: (310) 255-6100
Facsimile: (310) 255-6200

Proposed General Bankruptcy Counsel for Heycart Inc, Debtor and Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>HEYCART, INC,<br><br>    Debtor and Debtor in Possession. | Case No. 8:24-bk-10483-TA<br><br>Chapter 11<br><br>**ORDER AUTHORIZING USE OF CASH COLLATERAL THROUGH FEBRUARY 8, 2025, AND GRANTING RELATED RELIEF**<br><br>**Hearing Via ZoomGov**<br>Date: April 24, 2024<br>Time: 10:00 a.m.<br>Crtrm.: 5B |

A hearing took place at the above time and place to consider, on a final basis, the *Emergency Motion for Entry of Order (1) Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing, (2) Scheduling a Final Hearing on the Debtor's Request for Authority to Use Cash Collateral through February 8, 2025 and (3) Prohibiting the Freeze of any Debtor Accounts, and (4) granting related relief* (the "Cash Collateral Motion") [Docket No. 22] filed by Heycart Inc, the Debtor and Debtor-in-Possession herein (the "Debtor"). Appearances were as noted on the record. The Court having granted the relief requested in the Cash Collateral Motion on an interim basis [Docket No. 30] after the initial hearing on March 13, 2024, and having considered the Cash Collateral Motion, the supplement to the Cash Collateral Motion [Docket No. 49] (the "Supplement"), the statements of counsel at the hearing, the consent of the Secured Creditors to the

Debtor's use of cash collateral subject to the terms hereof, and the other evidence in the record, and good causing appearing, the Court hereby

**ORDERS** that:

1.  The Debtor's Cash Collateral Motion is granted on a final basis through February 8, 2025, on the terms set forth herein.

2.  The Debtor is authorized to use cash collateral, as that term is defined by 11 U.S.C. § 363(a) ("Cash Collateral"), in accordance with the Budget attached as Exhibit "1" to the Declaration of James Wong in support of the Supplement.

3.  To satisfy the claimed rights of (i) Amazon Capital Services, Inc. ("ACS"), (ii) SellersFunding International Portfolio Ltd. ("SellersFunding"), (iii) the Small Business Administration ("SBA"), (iv) 8fig Inc. ("8fig"), and (v) CFT Clear Finance Technology Corporation d/b/a Clearco ("Clearco") (collectively, the "Secured Creditors") to adequate protection of their claimed interests in the Debtor's Cash Collateral, the Secured Creditors are hereby granted, pursuant to Sections 361, 363, and 552(b) of the Bankruptcy Code, a valid, attached, choate, enforceable, perfected, post-petition security interests and liens in and against all post-petition assets of the Debtor of the same character and type, only to the same nature, extent, validity, and priority that existed prepetition, and solely to the extent of any diminution in value of the Secured Creditors' collateral caused by the Debtor's use of Cash Collateral.

4.  The Debtor shall, as further adequate protection of the Secured Creditors' interests in Cash Collateral, pay monthly adequate protection payments as follows:

| Secured Creditor | Monthly Adequate Protection Amount |
|---|---|
| ACS | $22,887 |
| SellersFunding | $11,444 |
| SBA | $307 |
| 8fig | $41,197 |

1763651.2  27220

2

| Clearco[1] | $9,000 |
|---|---|

5. The Debtor conducts sales to third-party customers through the Amazon.com online store (the "Amazon Store"). The Amazon Store is essential to the Debtor's continued business operations, as 100% of the Debtor's sales occur on the Amazon Store. Amazon.com Services, LLC ("Amazon") and the Debtor is party to the Business Solutions Agreement (the "BSA"), which governs the Debtor's ability to sell products to customers on the Amazon Store. According to the terms of the BSA, the Debtor's sale proceeds are held in an Amazon seller account (the "Seller Account"). In the ordinary course of the Debtor's business before the petition date, and under the terms of the BSA, Amazon was authorized to net fees, expenses, and reimbursements from the Debtor's sales proceeds in the Seller Account and remit, to the Debtor's bank account, the Debtor's net proceeds. Amazon and the Debtor are authorized to continue to transact with respect to such fees, expenses and reimbursements in the ordinary course, and Amazon is further authorized to net fees, expenses, and other charges from the Debtor's Amazon Store sales proceeds in the Amazon Seller Account and remit, to the Debtor, the Debtor's net proceeds less the adequate protection payments owed to ACS hereunder. Amazon is further authorized to net advertising fees incurred by the Debtor from the funds in the Amazon Seller Account. Any dispute regarding such amounts during the pendency of the bankruptcy case shall be subject to the jurisdiction of this Bankruptcy Court.

6. In addition, the Secured Creditors shall hold allowed administrative claims under Section 507(b) of the Bankruptcy Code with respect to the adequate protection obligations of the Debtor to the extent that the replacement liens and post-petition collateral do not adequately protect the diminution in value of the interests of Secured Creditors in their prepetition collateral subject to the reservation of rights set forth in paragraph 12. The allowed administrative claims shall be payable from and have recourse to all prepetition and post-petition property of the Debtor and all proceeds thereof. The liens on post-petition collateral shall be in addition to any prepetition perfected liens

---

[1] For the avoidance of doubt, the adequate protection payments to be made to Clearco shall be applied against the outstanding amount owed under the Clearco Agreements.

held by Secured Creditors, and shall remain in full force and effect notwithstanding any subsequent conversion or dismissal of this case.

7. To the extent that any prepetition obligations to Amazon are paid post-petition in the ordinary course of retail transactions commenced prepetition and concluded post-petition, such payments are authorized under the doctrine of necessity as consistent with the ordinary course of the Debtor's business and to avoid disruption to the business and the Debtor's customers.

8. This Final Order shall be deemed to constitute a security agreement under the applicable provisions of the Uniform Commercial Code ("UCC") in effect, and the adequate protection liens granted by this Final Order on post-petition collateral shall be valid, perfected, and enforceable security interests and liens on the property of the Debtor and the Debtor's estate without further filing or recording of any document or instrument or any other action, but only to the extent that the Secured Creditors, respectively, have valid and perfected security interests prior to the Debtor's petition date. Such adequate protections liens shall be enforceable against the Debtor and all other persons and parties, including without limitation any subsequent Trustee (if appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code), by operation of law and immediately upon entry of this Final Order.

9. The adequate protection liens granted by this Final Order on post-petition collateral shall not extend to the proceeds of any avoidance actions by the Debtor or the estate pursuant to section 544, 547, 548, 549, or 550 of the Bankruptcy Code or any other claims under chapter 5 of the Bankruptcy Code. Further, the Debtor shall be entitled to reimbursement from any recipient of adequate protection payments hereunder if and to the extent that it is later determined to be unsecured.

10. The Debtor will provide the Secured Creditors with an accounting, on a weekly basis, of all revenue, expenditures, bank account information, and collections with description of any variances from the budget by way of filing monthly operating reports with the Court and providing a variance report to Secured Creditors. No line item in the budget shall be more than 10% of the budgeted amount and the Debtor shall not vary the expenditures in the budget by more than 10%. Amazon advertising expenses shall constitute a separate line item in the Debtor's cash collateral budget.

11. Nothing contained herein shall be deemed a waiver by Secured Creditors from seeking further or additional adequate protection of their collateral, filing any Motions or Objections to the use of cash collateral in the event that the terms of this Order are violated by the Debtor, or pursuing any other rights or remedies available to them under law or equity.

12. Nothing contained herein shall prevent the Debtor, a creditor or other party in interest from contesting the validity, perfection, enforceability, amount, characterization, or priority of a secured party's liens, or from raising any defenses, offsets, deductions, declaratory relief, claims or counterclaims thereto.

13. If any or all of the provisions of this Final Order are hereafter modified, vacated or stayed by any subsequent order of this Court or any other court, such stay, modification or vacation shall not affect the validity or enforceability of any lien or priority authorized or created hereby prior to the effective date of such modification, stay, vacation or final order to the extent that said lien or priority is valid, perfected, enforceable and otherwise non-avoidable as of the Petition Date. The validity and enforceability of all liens and priorities authorized or created in this Final Order shall survive the conversion of this case to a proceeding under Chapter 7 of the Bankruptcy Code or the dismissal of this proceeding.

####